UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACCIDENT INSURANCE COMPANY,
INC.,

      Plaintiff,

v.                                            Case No.:  2:20-cv-00407-SPC-MRM

V&A DRYWALL AND STUCCO,
INC.,
SAN SIMEON PHASE 1
RESIDENTS' ASSOCIATION, INC.,
PLATINUM SERVICE
CONTRACTING LLC,
D.R. HORTON, INC.,
FRANK WINSTON CRUM
INSURANCE COMPANY,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is a *sua sponte* review of the file. Plaintiff Accident Insurance Company, Inc. ("AIC") brings this diversity action against several Defendants, including Platinum Service Contracting LLC. Since AIC is proceeding in federal court, it must show the parties are completely diverse with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And district courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Here, AIC has not satisfied the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Specifically, AIC failed to properly plead the citizenship of Platinum. An LLC (like Platinum) is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, each member of the LLC must be diverse from the plaintiff. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

Since an LLC is a citizen of every member's state, the Complaint must identify each of the members and their citizenship. *See Rolling Greens*, 374 F.3d at 1022 (A "party must list the citizenships of all the members of the" LLC). AIC states that the parties are diverse, yet it identifies neither the members of Platinum nor their domiciles. (Doc. 1 at 2). Instead, AIC merely states "[u]pon information and belief, each and every member of PLATINUM is a resident of Florida." (Doc. 1 at 2). Without identifying each of Platinum's members and every state where they are domiciled, the Court cannot conclude the parties are completely diverse.

That is not the only issue.

The Complaint only alleges each member of Platinum is a "resident" of Florida. (Doc. 1 at 2). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A party's residence in a state—without more—is not enough to show citizenship. *E.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Rather, "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction." *Id.* (internal quotation marks and citation omitted). The Complaint, therefore, fails to correctly plead Platinum's citizenship. Because the Court cannot conclude it has

jurisdiction, the Court dismisses the Complaint without prejudice.  AIC may file an amended complaint that adequately pleads subject-matter jurisdiction.  *See* 28 U.S.C § 1653.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. Plaintiff may file an amended complaint consistent with this Order **on or before June 26, 2020**.  **The failure to file a timely amended complaint will result in the case being closed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of June, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record