UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

ACCIDENT INSURANCE COMPANY, INC.

Plaintiff,

v.

CASE NO.

V&A DRYWALL AND STUCCO, INC.,
SAN SIMEON PHASE 1 RESIDENTS' ASSOCIATION, INC.,
PLATINUM SERVICE CONTRACTING, LLC,
D.R. HORTON, INC., FRANK WINSTON CRUM INSURANCE
COMPANY,

Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ACCIDENT INSURANCE COMPANY ("AIC"), sues Defendants, V&A DRYWALL AND STUCCO, INC. ("V&A"), SAN SIMEON PHASE 1 RESIDENTS' ASSOCIATION, INC. ("SAN SIMEON"), PLATINUM SERVICE CONTRACTING, LLC ("PLATINUM"), D.R. HORTON, INC. ("DR HORTON"), and FRANK WINSTON CRUM INSURANCE COMPANY ("FWCI") for declaratory relief and states:

## NATURE OF THE ACTION

1.      This is an action for declaratory and further relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202 for the purpose of determining a question of present actual controversy between the parties over the interpretation of insurance policy provisions and the applicability of insurance coverage for an underlying liability lawsuit captioned *San Simeon Phase 1 Residents' Association, Inc. v. D.R. Horton, Inc., Platinum Service Contracting, LLC*, et. al., pending in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No.18-CA-005126.

("Underlying Suit").

## THE PARTIES

2.      AIC is an insurance company which is organized under the laws of the state of New Mexico and maintains its principal place of business in Albuquerque, Bernalillo County.  At the time the insurance policies that are the subject of this action were issued, AIC's principal place of business was in Columbia, Richland County, South Carolina.

3.      V&A is a Florida corporation with its principal place of business in Cape Coral, Lee County, Florida.

4.      PLATINUM is a Florida Limited Liability Company with its principal place of business in Fort Myers, Florida.  PLATINUM's filings with the Florida Secretary of State reveal that the Members of the company are Christopher Steelman, Raymond Hayre, and Lenora Welch, each of whom reside in, are citizens of and/or are otherwise domiciled in Lee County, Florida.[1] Indeed, upon information and belief, the following is a recitation of each and every member of Platinum's state of citizenship and domicile:

| **Manager** | **State of Domicile/Citizenship** |
| --- | --- |
| Christopher Steelman | Florida |
| Raymond Hayre | Florida |
| Lenora Welch | Florida |

---

[1]      PLATINUM's most recent annual report that demonstrate its members can be found at http://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=flal-l09000064184-e5a31fbc-4f22-48ae-9102-799ca55b7073&transactionId=l09000064184-a1c03cdd-bc61-402c-8dd4-59996143020f&formatType=PDF (last visited June 15, 2020).

Ehrlich Law, LLC
401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

5.      DR HORTON is a Texas corporation with its principal place of business in Arlington, Texas.

6.      SAN SIMEON is a Florida not-for-profit corporation with its principal place of business in Lee County, Florida.

7.      FWCI is a Florida corporation with its principal place of business in Pinellas County, Florida.

## JURISDICTION AND VENUE

7.      The Court has original jurisdiction over the subject matter of this civil action under 28 U.S.C. §1332(a)(1) because (a) AIC is a citizen of a different state than each of the Defendants and (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.       Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because: 1) the subject insurance policies that are the subject of this lawsuit were issued in this District; 2) the general nexus of facts of this action, namely the  alleged defective construction of various residences that occurred in this District; 3) the declaratory relief sought pertains to claims against AIC's insured, V&A, in this District; 4) by this action, AIC is asking the court to construe its insurance policies in relation to the facts, claims and causes of action alleged in the Underlying Suit.

## GENERAL ALLEGATIONS

### Underlying Facts and Construction Defect Claims

9.      AIC insured V&A under a general liability insurance policy from June 10, 2014 through June 10, 2015 and June 10, 2015 through June 10, 2015 (after a cancellation for

Ehrlich Law, LLC
401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

nonpayment).  Copies of the subject insurance policies are attached herein as Exhibits "A" and "B," respectively, and the Notice of Cancellation is attached herein as Exhibit "C."

10.    At all times material herein, V&A offered contracting services to the public in the areas of drywall and stucco installation and other services.

11.    Beginning on or about 2011 and ending on or before the end of 2012, DR HORTON developed a condominium project known as SAN SIMEON (the construction project will be referred to as "San Simeon Project").[2]

12.    As part of the San Simeon Project, DR HORTON entered into a Subcontract Agreement ("Subcontract") with PLATINUM, whereby PLATINUM would serve as a subcontractor for the installation of drywall and stucco on each of the residences.  A copy of the Subcontract Agreement is attached herein as Exhibit "D."

13.    On or about July 13, 2012 PLATINUM entered into a Master Service Agreement ("Sub-Subcontract") with V&A, whereby V&A would serve as the Sub-Subcontractor to perform stucco and drywall installation on various projects for PLATINUM, which included work performed on the San Simeon Project.  A copy of the Sub-Subcontract is attached herein as Exhibit "E."

14.    Upon information and belief, back in 2018, PLATNIUM received a letter from counsel for SAN SIMEON's counsel pursuant to Section, 558, Fla. Stat., advising it of a litany of defects in the construction of the San Simeon Project ("Claimant's 558 Letter").

15.    Upon information and belief, back in 2018, PLATNIUM forwarded a similar letter

---

[2]        Upon information and belief, the San Simeon Project was started by a developer known as Levitt and Sons of Lee County, LLC in 2006 but the development, for purposes of the nexus of facts giving rise to the Underlying Suit, commenced in or around 2011 and concluded before the end of 2012.

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

to V&A pursuant to Section, 558, Fla. Stat., advising it of a litany of defects in the construction of the San Simeon Project ("PLATINUM'S 558 Letter").

16.    V&A never forwarded PLATINUM'S 558 Letter to AIC.

**Facts and Causes of Action Alleged in the Underlying Suit and Underlying Crossclaim**

17.    On or about October 19, 2018, SAN SIMEON filed the Underlying Suit against DR HORTON, PLATINUM and several other Defendants involved with the San Simeon Project.  The Complaint in the Underlying Suit was later amended to add V&A as a Defendant, amongst other claims.  SAN SIMEON asserts a sole count claim against V&A for violation of Fla. Stat. § 553.84, A copy of the operative Amended Complaint in the Underlying Suit is attached herein as Exhibit "F."

18.    On or about September 26, 2019, PLATNIUM filed its operative Amended Crossclaim (the "Underlying Crossclaim") against V&A for breach of contract, contractual indemnification, common law indemnity, statutory cause of action pursuant to Fla. Stat. § 553.84, equitable subrogation, and declaratory relief regarding the duty to defend it from SAN SIMEON's Complaint. A copy of the operative Underlying Crossclaim is attached herein as Exhibit "G."

19.    V&A was served by SAN SIMEON in the underlying suit on or about October 7, 2019.

20.    AIC first learned of the Underlying Suit and the claim in general through an informal email from PLATINUM's counsel on or about May 12, 2020.

21.    Neither the operative Amended Complaint in the Underlying Suit nor the Underlying Crossclaim allege the duration of the construction of the San Simeon Project, much less the dates of V&A's performance.

Ehrlich Law, LLC
401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

22.     Further and notably, neither the operative Amended Complaint in the Underlying Suit nor the Underlying Crossclaim allege that V&A's work on the San Simeon project occurred during the timeframe of June 10, 2014 – June 10, 2015 and the renewal was effectively cancelled for nonpayment.   Indeed, the construction on the project had concluded and the units were ultimately sold in 2012.

## Insurance Coverage Issued by AIC

23.     AIC issued the following policies to V&A: Policy No. CPP 0014610 00, effective from 6/10/14 - 6/10/15 ("First Policy"); Policy No. CPP 0014610 01, effective from 6/10/15 - 6/22/15 ("Second Policy").[3]

24.     The Policies contain the following provisions in its Commercial General Liability Coverage Form:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

*****

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.   We will have the right and duty to defend the insured against any "suit" seeking those damages.   However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.   But:

---

[3]     The First Policy and Second Policy shall be collectively referred to as "the Policies." The Policies contain the same operative provisions except as otherwise stated.   The Second Policy was issued to V&A but was cancelled for non-payment on or about June 22, 2015.

Ehrlich Law, LLC
401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

**(1)** The amount we will pay for damages is limited as described in Section **III** Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under supplementary Payments – Coverages **A** and **B**.

25.     The Policies expressly state that they only applied to "property damage" if the damage occurs during the policy period. The damages were not presented to AIC until after both policies ended on June 10, 2015, to wit: on May 12, 2020 upon receipt of PLATINUM's counsel's 558 Letters.

26.     The purported damages resulting from the alleged construction defect claims in the Underlying Suit did not occur during the Policies, namely between June 10, 2014 – June 10, 2015 and June 10, 2015 – June 10, 2015.  Further, upon information and belief, the Sub-Subcontract and the performance of the construction on the San Simeon Project occurred in 2012, long before the instant Policies commenced.

27.     Indeed, the Policies contained the following provision:

*****

b.     This insurance applies to "bodily injury' and "property damage" only if;

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**     **The "bodily injury" or "property damage" occurs during the policy period; and**

**(3)**     Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an  "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured

or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury' or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee authorized by you to give or receive notice of an "occurrence" or claim:

**(1)**    Reports all, or any part, of the "bodily injury" or "property damage to us or any other insurer;

**(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage", or

**(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.**    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\*\*\*\*\*

28.    Upon information and belief, the alleged construction defect claims in the Underlying Suit and for which PLATNIUM seeks indemnity from in the Underlying Crossclaim pertain to work that was redone or damaged to it being incorrectly installed by V&A or on behalf of V&A by a subcontractor.

29.    The Policies contained the following applicable exclusions to this effect:

**j.    Damage to Property**

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

"Property damage" to:

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored repaired or replaced because "your work" was    incorrectly performed on it. Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

### k.    Damage To Your Product

"Property damage "to "your product" arising out of it or any part of it.

### l.    Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

### m.    Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

### n.    Recall of Products, Work Or Impaired Property

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    **(1)**    "Your product";

    **(2)**    "Your work";

    **(3)**    "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\*\*\*\*\*

30.    The Policies also contained various provisions that require V&A cooperate and participate in the investigation into whether coverage exists under the Policy for the construction defect claims at issue in the Underlying Suit and for which PLATINUM seeks indemnity in the Underlying Crossclaim, including the following:

\*\*\*\*\*

**SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    **(1)**    How, when and where the "occurrence" or offense took place;

    **(2)**    The names and addresses of any injured persons and witnesses; and

    **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

    **(1)**   Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)**   Notify us as soon as practicable.

           You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

    **(1)**   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)**   Authorize us to obtain records and other information;

    **(3)**   Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)**   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

31.    Upon information and belief, the damages alleged by SAN SIMEON in the Underlying Suit, and for which PLATINUM bases its various claims for indemnification, pertain to water intrusion and the purported resulting fungi and bacteria. The Policies contained the following endorsement, namely CG 21 67 12 04, which stated, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2.    Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2.    Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.** "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

**CG 21 67 12 04**

\*\*\*\*\*

32.    The San Simeon Project, more specifically the Townhomes of San Simeon, is a project that contains four hundred and sixty nine (469) units.  The Policies contained a Tract Housing Exclusion in the following endorsement AIC 3011 (05/10) FL, that confirms that the Policies do not include coverage for any work, products, or operations on a tract housing community, which is defined as any residential development with greater than twenty-five buildings:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONDOMINIUM, APARTMENT, TOWNHOUSE OR TRACT HOUSING COVERAGE LIMITATION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **COVERAGE B. PERSONAL AND ADVERTISING LIABILITY:**

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

This insurance does not apply to:

*****

**Tract Housing**

"Bodily injury", property damage or "personal and advertising injury", however caused, arising, directly or indirectly, out of, or related to an insured's or an insured's sub-contractor's operations, "your work" or "your product" that are incorporated into a "tract housing project or development".

This exclusion does not apply if "your work" or "your product" occurs after the "tract housing project or development" has been completed and certified for occupancy, unless "your work" or "your product" is to repair or replace "your work" or "your product" that occurred prior to completion and certification for occupancy.

As used in this endorsement, the following is added to **SECTION V – DEFINITIONS:**

**"Tract housing" or "tract housing project or development" means any housing project or development that includes the construction of twenty-five (25) or more residential buildings in any or all phases of the project or development.**

**AIC 3011 (02/13)**

(emphasis added).

*****

33.     The Construction Defect Claims all pertain to the same San Simeon Project, which is a tract housing project, as defined and impermissible under the Policy.

34.     Defendant Platinum, by virtue of its Underlying Crossclaim, tendered defense and indemnity of the Underlying Suit to V&A.

35.     Further, Platinum tendered defense and indemnity to AIC as it claimed to be a putative insured under the Policies.

36.     FWCI tendered defense and indemnity to AIC to defend V&A in the Underlying Suit and Underlying Crossclaim.

37.     For the reasons stated herein, AIC is in doubts as to its rights and obligations and

raises the foregoing claims to ensure it does not cover V&A or Platinum for the Underlying Suit and Underlying Crossclaim.

**<u>COUNT I</u>**
**<u>NO DUTY TO DEFEND V&A AND/OR PLATINUM IN THE UNDERLYING SUIT NOR</u>**
**<u>V&A IN THE UNDERLYING CROSSCLAIM</u>**

38.    AIC incorporates herein by reference Paragraphs 1 - 37 as if fully set forth.

39.    Although the duty to defend is broader than the duty to indemnify, the facts and allegations as set forth in the Underlying Suit and Underlying Crossclaim do not trigger coverage under the Policies in any manner.

40.    Specifically, there are no ultimate facts pled that place V&A's purported work on the San Simeon Project within the subject policy periods, to wit: 6/10/14 – 6/10/15 and 6/10/15 – 6/22/15 ("Policy Periods"), V&A failed to adequately cooperate as defined by the Policy by not disclosing the claim or providing the Underlying Suit when served to AIC.

41.    Furthermore, the San Simeon Project is a Tract Housing project as defined and impermissible under the Policies.

42.    PLATINUM may claim to be an additional insured or otherwise entitled to defense (and/or indemnity) by V&A by virtue of the Sub-Subcontract.  Nonetheless, the ultimate facts pled in the Underlying Suit and Underlying Crossclaim do not trigger coverage for either V&A or PLATINUM under the Policies, regardless of the contractual relationship between those entities. The costs and expenses to tender the duty to defend would exceed $75,000.

WHEREFORE, Plaintiff AIC respectfully requests that the Court take jurisdiction of this matter and:

(1) Determine and declare that AIC has no duty to defend V&A in the Underlying Suit or

the Underlying Crossclaim because 1) the pleadings do not allege that V&A performed any work on the San Simeon Project during the requisite Policy Periods; 2) the San Simeon Project is a Tract Housing Project as defined and excluded by the Policies; and 3) V&A failed to notify and therefore prejudiced AIC's ability to investigate the general facts in the Underlying Suit and Underlying Crossclaim.

(2) Determine and declare that AIC has no duty to defend PLATINUM by virtue of its status under the Policies for the same reasons set forth against V&A and regardless of any contractual relationship between V&A and PLATNIUM.

(3) Award AIC such other relief as this Court may deem as proper.

**COUNT II**
**NO DUTY TO INDEMNIFY V&A OR PLATINUM IN THE UNDERLYING SUIT AND/OR IN THE UNDDERLYING CROSSCLAIM**

43.    AIC incorporates herein by reference Paragraphs 1 - 37 as if fully set forth.

44.    AIC has no duty to indemnify V&A and/or PLATNIUM for any damages or liabilities assessed against it in connection with the Underlying Suit and/or Underlying Crossclaim as the above-mentioned exclusions apply to the indemnity for the claims.

45.    AIC has no duty to indemnify V&A and/or PLATNIUM for any damages or liabilities assessed against it in the Underlying Suit and/or Underlying Crossclaim to the extent that they are precluded by any Exclusion or endorsement in the Policies.  The Underlying Claim and Underlying Crossclaim seek in excess of $75,000.

WHEREFORE, Plaintiff AIC respectfully requests that the Court take jurisdiction of this matter and:

(1) Determine and declare that AIC has no duty to indemnify V&A and/or PLATINUM

Ehrlich Law, LLC
401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

and/or DR HORTON for any amounts assessed against it for damages or liabilities in the Underlying Suit;

(2) Determine that AIC has no duty to indemnify V&A for any amounts assessed against it for damages, liability for reimbursement for costs, attorneys' fees and/or any other claims whatsoever by PLATNIUM in the Underlying Crossclaim.

(3) Award AIC such other relief as this Court may deem as proper.

## COUNT III
## DEFENDANTS BOUND BY A DECLARATORY
## JUDGMENT IN FAVOR OF AIC

46**.**    AIC incorporates herein by reference Paragraphs 1-37 as if fully set forth.

47.    Defendants PLATINUM, DR HORTON, FWCI and SAN SIMEON (hereinafter collectively "Defendants") are either not Named Insureds or Additional Insureds and do not otherwise qualify for insured status under the Policies.

48.    Nevertheless, Defendants have an interest in the outcome of this dispute should the Court find that AIC has no duty to defend and/or indemnify V&A for any covered damages or liabilities that are assessed against it in connection with the Underlying Suit and Underlying Crossclaim.

49.    Defendants are thus joined in this case in order to bind them to a declaratory judgment in favor of AIC should the Court find that AIC has no duty, in whole or in part, to indemnify V&A in connection with the Underlying Suit and Underlying Crossclaim.    *See*, *Independent Fire Insurance Company v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994); *Helt v. Liberty Ins. Corp.,* 153 F.Supp. 3d 1388 (M.D. Fla. 2015).

Ehrlich Law, LLC

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301

Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

## <u>DEMAND FOR TRIAL BY JURY</u>

WHEREFORE, Plaintiff AIC respectfully requests that the Court take jurisdiction of this matter and:

(1) determine and declare that AIC has no duty to indemnify V&A for any amounts assessed against it for damages or liabilities in the Underlying Suit and Underlying Crossclaim ;

(2) determine and declare that PLATINUM has no right to recover from AIC any amounts assessed against V&A for damages or liabilities in the Underlying Suit and/or Underlying Crossclaim, which are found to be not covered under the Policies; and,

(3) award AIC such other relief as this Court may deem as proper.

Dated: June 16, 2020.

Respectfully Submitted,

**EHRLICH LAW, LLC**
*Counsel for Defendants*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 507-4477
Fax: (954) 827-7899
David@EhrlichLawLLC.com

By: _David S. Ehrlich_____/
    David S. Ehrlich
    Florida Bar No.: 63872