UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:20-cv-407-SPC-MRM

ACCIDENT INSURANCE COMPANY, INC.

    Plaintiff,

v.

V&A DRYWALL AND STUCCO, INC.,
SAN SIMEON PHASE 1 RESIDENTS' ASSOCIATION, INC.,
PLATINUM SERVICE CONTRACTING, LLC,
D.R. HORTON, INC., FRANK WINSTON CRUM INSURANCE
COMPANY,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT
AGAINST DEFENDANTS V&A DRYWALL AND STUCCO, INC. AND
<u>PLATINUM SERVICE CONTRACTING, LLC</u>**

Plaintiff, ACCIDENT INSURANCE COMPANY ("AIC"), by and through the undersigned counsel, pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby moves this Court for Final Summary Judgment and for Default Final Judgment against Defendants V&A DRYWALL AND STUCCO, INC and PLATINUM SERVICING CONTRACTING, LLC and, in support, states:

**PROCEDURAL POSTURE**

1. On June 9, 2020, Plaintiff filed this action for declaratory relief to establish that a certain general liability insurance policy does not cover its policyholder for defense and/or indemnity for claims asserted in an underlying lawsuit. captioned *San Simeon Phase 1 Residents' Association, Inc. v. D.R. Horton, Inc., Platinum Service Contracting, LLC*, et. al., pending in the

**Ehrlich Law, LLC**

401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
Phone: (954) 507-4477    Email: David@ehrlichlawllc.com    www.ehrlichlawllc.com

CASE NO.: 2:20-cv-407-SPC-MRM

Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No.18-CA-005126. ("Underlying Suit").

2. The Clerk issued Summonses for Defendants, V&A DRYWALL AND STUCCO, INC. ("V&A") and PLATINUM SERVICE CONTRACTING, LLC on June 17, 2020.

3. Plaintiff served Defendant, V&A, with a summons and a copy of Plaintiff's Amended Complaint [D.E. 5] on June 26, 2020 through effective corporate service on their registered agent. See Return of Service on V&A at D.E. 14, Attachment 5.

4. After V&A failed to serve any response to the Amended Complaint timely, AIC moved for a Clerk's Default on July 30, 2020 [D.E. 16].

5. Plaintiff served Defendant, PLATINUM, with a summons and a copy of Plaintiff's Amended Complaint [D.E. 5] on June 29, 2020 through effective corporate service on their registered agent. See Return of Service on V&A [D.E. 14, Attachment 1].

6. After PLATINUM failed to serve any response to the Amended Complaint, AIC moved for a Clerk's Default on August 4, 2020. [D.E. 18].

7. The Court granted the Motions for Clerks' Defaults on September 1, 2020 [D.E. 22] and the Clerk entered the Defaults on the same day [D.E. 23].

8. In light of the Defaults against V&A and PLATINUM, the factual allegations of the Amended Complaint [D.E. 5] are deemed to be admitted and AIC respectfully incorporates any and all allegations pled and exhibits as if fully restated herein. *See* D.E. 5 at ¶¶ 1-37. Accordingly, AIC is now entitled to a declaration that the Policies do not provide coverage for any of the claims in the Underlying Lawsuit.

9. Neither V&A nor PLATINUM have filed any documents in this action even to date and AIC respectfully requests this Court enter a Default Final Judgment accordingly.

CASE NO.: 2:20-cv-407-SPC-MRM

## MEMORANDUM OF LAW IN SUPPORT

### I. Standard for Default Judgment Following a Clerk's Default

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court is authorized to enter a Clerk's Default against the defendant. *See* Fed.R.Civ.P. 55(a). Second, after receiving the Clerk's Default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the court can enter a default judgment against the defendant for not appearing. *See* Fed.R.Civ.P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986). Additionally, all well-pleaded allegations of fact are deemed admitted upon entry of default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The mere entry of a default by the Clerk does not, in itself, warrant entering a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Here, the Amended Complaint establishes that V&A and PLATINUM are Florida business entities and neither are an infant or an incompetent person. Both failed to plead or otherwise defend the present action and a Default was already issued. [D.E. 23]. Therefore, AIC is now entitled to a Final Default Declaratory Judgment in its favor upon showing a "sufficient basis" for the judgment. *See Nishimatsu* 515 F. 2d at 1206. This Court has held that it is appropriate to enter a Default Final Declaratory Judgment in insurance coverage actions. *See generally Travelers*

3

*Home & Marine Ins. Co. v. Harris,* 2012 WL 2680814 (M.D. Fla. June 13, 2012)(Report and Recommendation granting Motion for Default Final Judgment for Declaratory Relief in insurance coverage action)[1]; *Evanston Ins. Co. v. Larcon Corp.*, Slip Copy, 2011 WL 2784420 (M.D. Fla. 2011); .

    II.    **ARGUMENT**

        A.    *The Underlying Suit Does not Trigger AIC's Duty to Defend and/or Indemnify V&A and PLATINUM Because The Construction Was Performed Outside of the Policies' Effective Dates*

In light of the Default [D.E. 23], the factual allegations of the Amended Complaint are admitted. AIC insured V&A under a general liability insurance policy from June 10, 2014 through June 10, 2015 and a renewal policy that was only effective on June 10, 2015 (after a cancellation for nonpayment).[2] AIC respectfully requests a Default Final Declaratory Judgment that the Policies do not cover its policyholder and entities claiming to be insured for defense and/or indemnity for claims asserted in an underlying lawsuit captioned *San Simeon Phase 1 Residents' Association, Inc. v. D.R. Horton, Inc., Platinum Service Contracting, LLC*, et. al., pending in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No.18-CA-005126. ("Underlying Suit").

Defendant DR HORTON, INC. was the developer of a major construction project to build the San Simeon townhome community, a project that included four hundred and sixty nine (469) townhome units. DR HORTON entered into a Subcontract Agreement ("Subcontract") with Defendant PLATINUM SERVICE CONTRACTING, LLC ("PLATINUM"), whereby

---

[1] The Report and Recommendation in *Harris* was adopted by the District Court on July 6, 2012 (*See Travelers v. Harris, et. al.* 2012 WL 2680813 (M.D. Fla. July 6, 2012)(Order).

[2] Copies of affidavits authenticating subject insurance policies are attached herein as Exhibits "A" and "B." Hereinafter the subject policy and renewal policy will be collectively referred to as "the Policies."

PLATINUM would serve as a subcontractor for the installation of stucco on each of the residences. On or about July 13, 2012 PLATINUM entered into a Master Service Agreement ("Sub-Subcontract") with V&A, whereby V&A would serve as the Sub-Subcontractor to perform stucco and drywall installation on various projects for PLATINUM, which included work performed in the construction phase on the San Simeon Project.

On or about October 19, 2018, SAN SIMEON filed the Underlying Suit against DR HORTON, PLATINUM and several other Defendants involved with the San Simeon Project. The Complaint in the Underlying Suit was later amended to add V&A as a Defendant, amongst other claims. SAN SIMEON asserted a sole count claim against V&A for violation of Fla. Stat. § 553.84. *See* Amended Compl. [D.E. at ¶17 and Exhibit "F,"], both admitted by virtue of the Default [D.E. 23]. On or about September 26, 2019, PLATNIUM filed its operative Amended Crossclaim (the "Underlying Crossclaim") against V&A for breach of contract, contractual indemnification, common law indemnity, statutory cause of action pursuant to Fla. Stat. § 553.84, equitable subrogation, and declaratory relief regarding the duty to defend it from SAN SIMEON's Complaint. *See* Amended Compl. at ¶18 and Exhibit "G," both admitted by virtue of the Default [D.E. 23].

The Policies contain the following provisions in its Commercial General Liability Coverage Form:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
*****

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We

>will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>   **(1)** The amount we will pay for damages is limited as described in Section **III** Limits of Insurance; and
>   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under supplementary Payments – Coverages **A** and **B**.
>
> \*\*\*\*\*
>
>b.   This insurance applies to "bodily injury' and "property damage" only if;
>
>   **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>   **(2)**   **The "bodily injury" or "property damage" occurs during the policy period; and**
>
> \*\*\*\*\*

*See* Amended Compl. at Exhibits "A" and "B" at 12, now admitted by virtue of the Default [D.E. 23].

Neither the operative Amended Complaint in the Underlying Suit nor the Underlying Crossclaim allege that V&A's work on the San Simeon project occurred during the timeframe of June 10, 2014 – June 10, 2015 and the renewal was effectively cancelled for nonpayment. *See* Amend. Compl. at ¶ 22-23. Indeed, the construction on the project had concluded and the units were ultimately sold in 2012. *See* Amended Compl. [D.E. 5] at ¶22. Even further, the purported damages resulting from the alleged construction defect claims in the Underlying Suit did not occur during the Policies, namely between June 10, 2014 – June 10, 2015 and June 10, 2015 – June 10,

CASE NO.: 2:20-cv-407-SPC-MRM

2015. The Sub-Subcontract and the performance of the construction on the San Simeon Project occurred in 2012, long before the instant Policies commenced. *See* Amended Compl. [D.E. 5] at ¶18 and Exhibit "G."

Neither the Underlying Suit nor the Underlying Crossclaim plead or reveal the dates that the construction on the San Simeon Project was actually performed, damage occurred, or much less discovered and, therefore, never triggered the duty to defend V&A and/or PLATINUM from SAN SIMEON's claims or V&A from PLATINUM's Crossclaim. *See* D.E. 5 at ¶¶ 1-37 and Exhibits "G" and "H". Even beyond the face of the underlying pleadings, AIC's own investigation revealed that the construction was performed and/or damages occurred in 2011-2012, i.e. outside the effective dates of the Policies. This, on its own, should serve as a "sufficient basis" for declaratory relief.

> B. *The Policies do Not Cover V&A or PLATINUM for the Underlying Suit Because the Construction Project Exceeded the Amount of Units Permitted by the Policy in the "Tract Housing" Exclusion*

Coverage under the Policies for the Underlying Suit and Underlying Counterclaim is also excluded because the Sam Simeon Project required original construction on a housing community that exceeded the size and scope of original construction contemplated by the Policy. The Policies contained a Townhome and Tract Housing Exclusion in the following endorsement AIC 3011 (05/10) FL, that confirms that the Policies do not include coverage for any work, products, or operations on a townhome community that includes the construction of more than twenty five (25) units, which is defined as any residential development with greater than twenty-five units:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONDOMINIUM, APARTMENT, TOWNHOUSE OR TRACT HOUSING COVERAGE LIMITATION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

7

CASE NO.: 2:20-cv-407-SPC-MRM

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **COVERAGE B. PERSONAL AND ADVERTISING LIABILITY:**

This insurance does not apply to:

**Condominium, Apartment, and Townhouse**

**"Bodily Injury", "property damage" or "personal and advertising injury", however caused, directly or indirectly, out of, or related to an insured's or an insured's sub-contractor's operations, "your work" or "your product" that are incorporated into a condominium, apartment or townhouse project. This exclusion only applies to projects that exceed 25 units.**

\*\*\*\*\*

**Tract Housing**

"Bodily injury", property damage or "personal and advertising injury", however caused, arising, directly or indirectly, out of, or related to an insured's or an insured's sub-contractor's operations, "your work" or "your product" that are incorporated into a "tract housing project or development".

This exclusion does not apply if "your work" or "your product" occurs after the "tract housing project or development" has been completed and certified for occupancy, unless "your work" or "your product" is to repair or replace "your work" or "your product" that occurred prior to completion and certification for occupancy.

As used in this endorsement, the following is added to **SECTION V – DEFINITIONS:**

**"Tract housing" or "tract housing project or development" means any housing project or development that includes the construction of twenty-five (25) or more residential buildings in any or all phases of the project or development.**

**AIC 3011 (02/13)**

(Emphasis added).

\*\*\*\*\*

*See* Amend. Compl. [D.E. 5] at Exhibit "A" at 63.

The Amended Complaint specifically pled that the San Simeon Project contains four hundred and sixty nine (469) units. *See* Amend. Compl. [D.E. 5] at ¶ 22, 32. Therefore, "(t)his insurance does not apply" to V&A's "work" or "operations" "that are incorporated into a

8

condominium, apartment or townhouse project… that exceed(s) 25 units." *See* Amend. Compl. [D.E. 5] at Exhibit "A." Notably, the express policy language does not require that V&A would have had to perform work on more than 25 units, only that its work was "incorporated into a… townhouse project" where the "amount of units exceed(s) 25 units." *Id.*

V&A and PLATINUM were defaulted and never raised any affirmative defenses challenging the express language of the Policies. Accordingly, this Court should find that this exclusion is a "sufficient basis" for a Final Default Judgment of Declaratory Relief.

Because this is a diversity suit, this Court must apply Florida law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, (1941). Under Florida law, a clear and unambiguous policy provision "should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (quotation omitted). The exclusion is neither ambiguous nor violates public policy.

No Florida state nor federal courts have ever invalidated this type of "Tract Housing" exclusion on any basis. In contrast, the Fifth Circuit and Ninth Circuit Court of Appeals have enforced this exclusion. *See e.g. Hay v. American Safety Indem. Co.*, 752 Fed. Appx. 460 (9th Cir. 2018); *See e.g. Broughton v. Castlepoint Nat'l Ins. Co.,* 656 Fed. Appx. 729 (5th Cir. 2016). In *Hay,* the Ninth Circuit specifically upheld its enforcement and even called it "unassailable." *See Hay*, 725 Fed. Appx. 460 at *4-5.

Ultimately, AIC understood it was insuring V&A because it performed drywall and stucco services to individual homes or small construction projects. Its "unassailable" policy exclusion precludes coverage for V&A's work performed on a colossal townhouse community such as the San Simeon Project because it was not the type of project and risk that it was bargaining for when

CASE NO.: 2:20-cv-407-SPC-MRM

AIC issued the Policies. This forms a "sufficient basis" fort this Court to enter a Final Default Declaratory Judgment.

## CONCLUSION

Based on the foregoing, it is undisputed that the construction was performed on the San Simeon Project in 2011-2012 and the purported damages occurred outside the effective dates of the Policies. It is also undisputed that the San Simeon Project contains four hundred sixty nine units and the Policies "do not apply" to any "projects" that involve more than twenty five. Both of these are more than a "sufficient basis" for a Final Default Declaratory Judgment and AIC respectfully requests tis Court enters one accordingly.

Respectfully submitted,

**EHRLICH LAW, LLC**
*Counsel for Defendants*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 507-4477
Fax: (954) 827-7899
David@EhrlichLawLLC.com

By: _David S. Ehrlich            /
    David S. Ehrlich
    Florida Bar No.: 63872

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2020, the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some

CASE NO.: 2:20-cv-407-SPC-MRM

other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

## SERVICE LIST

**ACCIDENT INSURANCE COMPANY, INC. v. SAN SIMEON PHASE 1 RESIDENTS ASSOCIATION, ET. AL.
CASE NO.: 2:20-cv-407-SPC-MRM**

SAN SIMEON PHASE 1 RESIDENTS'
ASSOCIATION, INC.
c/o Sunvast Properties, Inc.
321 Interstate Boulevard, Sarasota, FL 34240

V & A DRYWALL AND STUCCO, INC.
c/o Vicente Antunez
8028 Princeton Drive
Naples, FL 34104

PLATINUM SERVICE CONTRACTING, LLC
c/o Kevin A. Kyle
1380 Royal Palm Square Boulevard
Fort Myers, FL 33919

D.R. HORTON, INC.
c/o Marc Levine
Latham, Luna, Eden, & Beaudine
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801

FRANK WINSTON CRUM INSURANCE COMPANY
c/o Chief Financial Officer
200 East Gaines Street
Tallahassee, FL 32399