# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ACCIDENT INSURANCE
COMPANY, INC.,

      Plaintiff,

v.                                            Case No: 2:20-cv-407-SPC-MRM

V&A DRYWALL AND STUCCO,
INC., SAN SIMEON PHASE 1
RESIDENTS' ASSOCIATION,
INC. and PLATINUM SERVICE
CONTRACTING, LLC,

      Defendants.
                                         /

## **ORDER**[1]

Before the Court is Plaintiff Accident Insurance Company, Inc.'s ("AIC") Motion for Final Summary Judgment (Doc. 54). Defendant San Simeon Phase 1 Residents' Association, Inc. stipulates to the relief sought in the Motion. (Doc. 56). The other remaining Defendants (V&A Drywall and Stucco, Inc. and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Platinum Service Contracting, LLC) defaulted (Docs. 22; 23), and a motion for default judgment is pending against them (Doc. 44). AIC's Motion is granted.[2]

This is an insurance case for declaratory relief.[3] A developer hired Platinum to act as a stucco subcontractor on a 469-unit subdivision. In July 2012, Platinum hired V&A as a sub-subcontractor to do stucco and drywall work on that project. AIC insured V&A under a liability policy running from June 2014 to June 2015 (the "Policy").

San Simeon sued V&A, Platinum, and others in state court for building code violations under Florida Statute § 553.84 (the "Underlying Action"). The Underlying Action is ongoing. Platinum filed a crossclaim against V&A for breach of contract, indemnification, building code violations, negligence, equitable subrogation, and declaratory relief on V&A's duty to defend Platinum. Here, AIC wants a declaration it has no duty to defend or indemnify either V&A or Platinum in the Underlying Action.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[2] AIC filed the Motion (Doc. 54) and statement of material facts (Doc. 54-1) separately. This violates Local Rule 3.01(a) and could be grounds for denial (Doc. 35 at 3). Yet in the interest of judicial economy and because the Motion is unopposed, the Court excuses this error.

[3] Because San Simeon does not oppose the Motion, the Court takes all supported material facts as true. Fed. R. Civ. P. 56(e)(2); (Doc. 55 at 2). And by virtue of their default, V&A and Platinum admitted all well-pled allegations. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The Motion is easily granted. AIC has no duty to defend or indemnify either V&A or Platinum.

Florida substantive law applies. *Trailer Bridge, Inc. v. Ill. Nat'l Ins.*, 657 F.3d 1135, 1141 (11th Cir. 2011). When an insurer has no duty to defend, it has no duty to indemnify. *Id.* at 1146. "The duty to defend arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (cleaned up). Typically, courts are limited to the "eight corners" of the third-party complaint and insurance policy. *Mt. Hawley Ins. v. Roebuck*, 383 F. Supp. 3d 1351, 1360 (S.D. Fla. 2019). But "in special circumstances, a court may consider extrinsic facts if those facts are undisputed, and, had they been pled in the complaint, they clearly would have placed the claims outside the scope of coverage." *Stephens*, 749 F.3d at 1323.

To start, the Motion is unopposed. So it can be granted on that ground alone. Local Rule 3.01(c).

Even on the merits, the Motion should be granted. The Policy was not in effect when the work prompting the Underlying Action occurred. Construction on the project finished in 2012—about two years before the Policy went into effect. So all work at issue in state court was complete before the policy period. Because coverage is limited to occurrences during the policy period, there is no duty to defend. *E.g.*, *Atl. Cas. Ins. v. Legacy Roofing of FL/Ahead Gen. Contractors & Restoration, LLC*, No. 19-22043-Civ-WILLIAMS/TORRES, 2020 WL 6115326, at *9 (S.D. Fla. July 27, 2020), *report & recommendation adopted*, 2020 WL 6115325 (Aug. 13, 2020).

Regardless of whether the work occurred during the policy period, the project at issue in the Underlying Action is excluded from the Policy. The Policy excluded work done on townhouse or tract housing projects exceeding twenty-five units. The project here was about eighteen times larger than the covered scope. Because the work creating any Policy occurrence is unambiguously excluded from coverage, there is no duty to defend. *E.g.*, *Nat'l Union Fire Ins. Co. of Pa. v. Carib Aviation, Inc.*, 759 F.2d 873, 879 (11th Cir. 1985).

Finally, the Court notes this decision binds AIC, San Simeon, V&A, and Platinum. *E.g.*, *Bodden v. Travelers Prop. Cas. Co. of Am.*, 423 F. Supp. 3d

1341, 1346 (S.D. Fla. 2019). With nothing else to resolve, the Court will enter judgment and close the case.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Final Summary Judgment for Declaratory Relief (Doc. 54) is **GRANTED**.

(1) The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff.

(2) The Clerk is **DIRECTED** to terminate all deadlines or pending motions and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 9, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record